**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN MAURICE FULLER,

Defendant-Appellant

No. 99-5228

D.C. Nos. CR-91-143-E;
CV-99-411-E.
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, HENRY** , and **LUCERO** , Circuit Judges.

---

Brian Maurice Fuller seeks to appeal the district court's order denying his

Motion for Review and Modification of his Sentence Due to Changed

Circumstances. For the reasons set forth below, we deny Mr. Fuller's motion to

proceed in forma pauperis and his application for a certificate of appealability and

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismiss this appeal.[1]

In March 1992, the district court sentenced Mr. Fuller to 195 months' imprisonment after he pleaded guilty to money laundering, selling stolen property, and conspiring to sell stolen property. In light of Mr. Fuller's cooperation with investigators, the court subsequently reduced his sentence to 136 months pursuant to the government's motion.

In June 1999, Mr. Fuller filed the motion here at issue. He sought a reduction in his sentence because of back problems that caused him to be "'in constant agony,'" "'confined to a wheel chair unable to walk or stand'" and unable to work." See Rec. doc. 45 at 1 (Dist. Ct. Order, filed Oct. 19, 1999) (quoting Mr. Fuller's Motion for Review and Modification of Sentence Due to Changed Circumstances)).

In denying Mr. Fuller's motion, the district court observed that he had advanced a similar argument in his previously filed "Motion for Dismissal of Restitution." The court noted that it had denied the prior motion on the grounds that the records submitted by Mr. Fuller indicated that his condition was "mild to moderate" and that personnel at the correctional facility's Health Services Unit

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

reported that Mr. Fuller had recently received treatment for his back. The court noted that the Health Services personnel anticipated that he would fully recover, having only minor work restrictions. Id. at 1-2. The court said that there was nothing in Mr. Fuller's current request for a reduction of his sentence that would cause it to change its previous assessment of his medical condition.

In his appellate brief, Mr. Fuller argues that the Sentencing Guidelines provide for downward departures on the basis of a defendant's mental and emotional condition and extraordinary physical impairments. See Aplt's Br at 10-21 (citing, inter alia, USSG §§ 5H1.3, 5H1.4). However, Mr. Fuller fails to note that, if the sentencing court properly understood its authority to depart from the Guidelines, an appellate court lacks jurisdiction to review the sentencing court's discretionary refusal to do so. See United States v. Castillo, 140 F.3d 874, 887-88 (10th Cir. 1998).

The district court's assessment of Mr. Fuller's medical condition is supported by evidence in the record. Moreover, there is no indication that the district court misunderstood its authority to depart on the basis of the factors identified by Mr. Fuller. Accordingly, we conclude that we lack jurisdiction over this appeal.

We, therefore, DENY Mr. Fuller's motion to proceed in forma pauperis

and his application for a certificate of appealability and DISMISS this appeal.


Entered for the Court,



Robert H. Henry
United States Circuit Judge